IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-05-60-E-BLW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM ALBERT KUEHLER aka | ) | |
| WILLIAM ALBERT KUHLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion for Stay of Levy and Writ of Execution (Docket No. 23). Defendant contends that the Notice of Levy and Writ of Execution are premature because Defendant is in compliance with the Judgment and Order of restitution. Although Defendant has requested a hearing on the Motion, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and that the decisional process would not be significantly aided by oral argument. Therefore, having reviewed the record, and being otherwise fully informed, the Court enters the following Order.

## BACKGROUND

On August 2, 2005, after accepting his plea of guilty to making false statements to a Government agency in violation of 18 U.S.C. § 1001, the Court

Order - 1

sentenced Defendant to a term of probation of five (5) years, a special assessment of $100, and restitution of $36, 459, together with interest on the restitution amount. *Judgment* (Docket No. 14). Defendant had made false statements to the U.S. Department of Housing and Urban Development, through a housing assistance application submitted to the City of Pocatello Housing Authority, by representing that he was a tenant of the property that is the subject of the Writ of Execution when, in fact, he was the owner. *Plea Agreement* at 2, ¶ III. B. (Docket No. 11). He received benefits over a period of approximately eight years. *Id.* Defendant acknowledged in the Plea Agreement that the Court would order restitution in the amount of $36, 459 pursuant to 18 U.S.C. §§ 3563(b)(3), 3583, 3663, and 3664. *Id.* at 3, ¶ IV. E.

Among the various Special Conditions of Probation ordered by the Court, three dealt with restitution:

> 1. Defendant shall pay special assessment and restitution that is imposed by this judgment and that remains unpaid at the commencement of probation as a condition of probation . . . . Defendant shall submit nominal and periodic payments of 10% of gross income, but not less than $25 per month during the term of probation . . . .
>
> 5. Defendant shall cooperate fully with the financial litigation unit in its efforts to collect the *full* amount of the restitution.

**Order - 2**

           And if it is the financial litigation unit's intent to pursue a lien against the property, the defendant will assist them in obtaining whatever conveyances, releases, consents and signatures that may be necessary to ensure that the lien is valid and enforceable as against everyone except the first mortgage holder on the premises.  This shall include cooperating with the Government in either setting aside the conveyance to his wife and daughter as a fraudulent conveyance or procuring their cooperation in granting the Government a lien against the property for the full amount of the restitution which has been ordered, plus interest as it accrues.  (Emphasis added.)

7.    Defendant is to do *absolutely nothing* to interfere with the Government's efforts to enforce the restitution payment that has been ordered, or to prevent the Government from realizing fully the benefit of any lien that it obtains on the premises.  (Emphasis added.)

*Judgment* at 5.

The Government does not dispute that Defendant is in compliance with Special Condition No. 1 and states that Defendant has obtained the necessary signatures to transfer the subject property back into his name in compliance with Special Condition No. 5.

## APPLICABLE LAW AND DISCUSSION

The Court ordered restitution pursuant to 18 U.S.C. § 3663 of the Victim

**Order - 3**

Witness Protection Act.  The United States may enforce an order of restitution in the manner provided in certain named statutes pertaining to the payment and collection of fines imposed pursuant to a criminal judgment.  *See* 18 U.S.C. § 3664(m)(1)(A) (making 18 U.S.C. § 3613 (Civil remedies for satisfaction of an unpaid fine) applicable to restitution obligations).  *See also* 18 U.S.C. § 3613(f).  The United States may enforce a judgment for restitution pursuant to "practices and procedures for the enforcement of a civil judgment under Federal law or State law" and also "by all other available and reasonable means."  18 U.S.C. §§ 3613(a) and 3664(m)(1)(A)(ii).  An order of restitution becomes a lien in favor of the United States on all property of the defendant at the time of entry of judgment.  18 U.S.C. § 3613(c); *see also United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).

   A defendant against whom an order of restitution is ordered shall make payment immediately unless the court orders otherwise.  18 U.S.C. § 3664(f)(2) incorporating 18 U.S.C. § 3572(c).  However, any schedule established by a court for payment of restitution does not prevent the United States from levying on a defendant's property to satisfy the order of restitution.  *See United States v. Hanhardt,* 353 F.Supp.2d 957, 960 (N.D. Ill. 2004); *United States v. Laws*, 352 F.Supp.2d 707, 711 (E.D. Va. 2004).

**Order - 4**

Here, Defendant was ordered to pay restitution in the amount of $36,459 together with interest. *Judgment* at 2 and 4. Further, the Judgment provides that Defendant must pay the total criminal monetary penalties according to the schedule of payments attached to the Judgment.[1] *Judgment* at 4. The Schedule of Payments provides that restitution of $36,459 is *due immediately* and that [a]ny portion of the . . . restitution not paid immediately shall be paid pursuant to special conditions of probation (emphasis added)." *Judgment* at 5, ¶ F.

As stated above, the Special Conditions of probation 1, 5, and 7 apply specifically to restitution. The schedule set forth in Special Condition 1 of minimum $25 monthly payments over five years of probation obviously would not even begin to make a dent in the restitution obligation. For that reason, the Court imposed Special Conditions 5 and 7 to enable the Government to pursue other collection efforts if it chose to do so. Defendant has not provided the Court with any authority to support his position that his compliance with the payment schedule precludes enforcement of the Government's lien, and the Court has found none. Indeed, the dearth of circuit decisions even in the Government's favor indicates to the Court that this challenge has rarely been raised perhaps due to the

---

[1] The Schedule of Payments actually appears at page 5 of the Judgment rather than page 6 as indicated on page 4. There is no page 6 to this Judgment. Because no term of incarceration was imposed, the page addressing incarceration was unnecessary.

**Order - 5**

obvious right of the Government to proceed. Accordingly, Defendant's motion shall be denied.

Defendant is reminded that violation of any of the special conditions of probation, including Special Condition 7 that he do "absolutely nothing" to interfere with enforcement of the order of restitution, may be grounds for either extending his term of probation or revoking his term of probation and imposing a sentence of imprisonment. *See* 18 U.S.C. § 3565(a).[2]

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Stay Levy and Writ of Execution (Docket No. 23) is DENIED.



DATED: **October 16, 2006**

Honorable B. Lynn Winmill
Chief U. S. District Judge

---

[2] As additional justification for denying Defendant's Motion to Stay, the Government has argued that the very property Defendant is attempting to protect from levy and execution is essentially the fruit of his offense of conviction. The Court is cognizant of that fact. However, it plays no part in this Court's decision to deny Defendant's Motion to Stay.

**Order - 6**